JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TRAVELERS PROPERTY CASUALTY CO. OF
AMERICA a/s/o Bernd Goeckler Antiques Inc., and
other interested insureds under the policy of insurance,

                              Plaintiff,

CASE NO.: '08 CIV 4050

JURY TRIAL DEMANDED

-against-

GODFREY'S REFRIGERATION-
AIR CONDITIONING INC.,

                              Defendant.
-------------------------------------------------------------X

## COMPLAINT

Plaintiff, TRAVELERS PROPERTY CASUALTY CO. OF AMERICA a/s/o Bernd Goeckler Antiques Inc., and other interested insureds under the Policy of insurance, by and through their attorneys SHEPS LAW GROUP, P.C. as and for its complaint against the defendant, GODFREY'S REFRIGERATION-AIR CONDITIONING INC., alleges as follows:

### Nature of This Action

1. This is a subrogation action by the first-party property insurer, plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS"), as subrogee of Bernd Goeckler Antiques Inc., and other interested insureds under the Policy of insurance, hereinafter ("insureds").

2. TRAVELERS paid to the insured in excess of One Hundred Twenty-Nine Thousand Ninety-Six Dollars and Forty-Four cents ($129,096.44) in connection with a loss sustained on July 15, 2005 due to water damage caused by the improper maintenance, servicing

and installation of a steam humidifier and related plumbing by the defendant causing damage and destruction to plaintiff's insured's premises and contents there within.

3. TRAVELERS may become obligated to issue additional payments to its insured in connection with this Loss.

4. This action is brought against the various parties responsible for the Loss and the resulting damages sustained by the insured.

## The Jurisdiction

5. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C.A §1332, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is properly laid in this judicial district on the basis of the place of occurrence.

## The Parties

6. Plaintiff, TRAVELERS was and is a foreign corporation organized under the laws of the state of Connecticut with its principal place of business at One Tower Square, Hartford, Connecticut and was at all times hereinafter licensed to issue policies of insurance in the state of New York. Travelers is a citizen of the State of Connecticut.

7. TRAVELERS was the first-party property insurer of the above-referenced insured, under the above-mentioned insurance policy and at all times hereinafter provided coverage to its insured for the property, contents and losses for any lost property and income located 30 East 10th Street, New York, New York (hereinafter "the premises"). At all times hereinafter TRAVELERS provided coverage to its insured's personal and business property.

8. Pursuant to the Policy and relevant law, TRAVELERS, having paid amounts in connection with the loss, is subrogated to all of its insured's rights as to third parties who may have caused or have been responsible for such loss.

9. Upon information and belief, at all relevant times herein, defendant, GODFREY'S REFRIGERATION-AIR CONDITIONING INC., (hereinafter, "GODFREY'S") was and still is a New York corporation duly authorized to do business within the State of New York with its principal licensed place of business located at 563 East 49th Street, Brooklyn, New York 11203.

10. Prior to July 15, 2005, defendant GODFREY'S was in the business of, including, but not limited to, installing, maintaining and servicing steam humidifier units and related plumbing.

11. Defendant GODFREY'S installed an Autoflo Electronic Steam Humidifier, Model number S2020, Serial number 220-5560, manufactured by EWC Controls of Englishtown, New Jersey at the subject premises.

## The Loss

12. On July 15, 2005, a discharge of water was discovered at the subject premises causing substantial damage and destruction to plaintiff's insured's property.

13. Upon information and belief, the water damage that occurred on July 15, 2005 was a result of the defendant's improper maintenance, repair, installation and/or inspection of the steam humidifier and related plumbing at the subject premises.

14. The aforesaid water damage caused severe and substantial damage to plaintiff's insured's property, in excess of ONE HUNDRED TWENTY-NINE THOUSAND NINETY-SIX DOLLARS AND FORTY-FOUR CENTS ($129, 096.44). Plaintiff reimbursed these sums to its insureds pursuant to the aforementioned policy of insurance.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
### -NEGLIGENCE-

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 14.

16. The occurrence referred to in paragraph 12 and the consequent damage to the plaintiff's property was proximately caused by the negligence, negligence per se, gross negligence, carelessness and negligent omissions of the defendant, its agents, servants, workmen and/or employees in:

(a) failing to use proper care in the installation, inspection, maintenance and repair of connection points of the related hot water piping and lines running to the steam humidifier in the insured's premises;

(b) failing to adhere to installation manual specifications and recommendations which suggested a continuous run of ¼" copper tubing from the domestic hot water connection with an inline shut-off valve;

(c) failing to install a water hammer arrester on the ¼" copper tubing to dampen out water spikes;

(d) failing to tighten the compression union to minimize stress forces on the humidifier;

(e) failing to properly maintain, service and connect hot water lines and piping in a safe manner as to prevent a high degree of risk of water damage to the insured's property;

(f) failing to hire competent servants, contractors, agents, employees and/or workmen to properly install, maintain, inspect and/or repair hot water lines and piping in the premises in a way that would avoid water damage;

(g) failing to maintain, service and inspect the steam humidifier in compliance with applicable codes and standards;

(h) failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations concerning the proper installation and safe maintenance and inspection of the water lines leading to the steam humidifier located in the premises;

(i) failing to properly supervise, train, and/or instruct its employees or agents in the proper installation, maintenance and/or inspection of the involved hot water lines and piping;

(j) retaining incompetent, unlicensed employees, agents, servants, workers, subcontractors, without requisite skills and abilities to install, maintain and/or inspect the related humidifier system at the premises in a safe fashion;

 (k) failing to take the proper steps and to supervise the work performed by its employees, servants, workers, agents, and/or contractors in a way that would protect the plaintiff's insured's property from water damage;

 (l) failing to warn plaintiff's insured of the additional risk to the plaintiff's property as a result of the improper and unsafe installation, maintenance and/or inspection of the involved system;

 (m) failing to do those things which were necessary to safely preserve and protect the plaintiff's property; and,

 (n) otherwise failing to use due care and proper skill under the circumstances.

17. As a proximate and direct result of the aforesaid negligence, carelessness, gross negligence and/or negligent omissions of defendant during this work, the water damage referred to in paragraph 12 took place and resulted in damage and destruction to Plaintiff's property and contents, the fair and reasonable cost of which exceeded ONE HUNDRED TWENTY-NINE THOUSAND NINETY-SIX DOLLARS AND FORTY-FOUR CENTS ($129,096.44).

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
### -BREACH OF CONTRACT-

18. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 17 inclusive.

19. For the reasons more particularly set forth in plaintiff's First Cause of Action, defendant and plaintiff's subrogor entered into a contract whereby defendant was obligated, among other things, to properly install, maintain, inspect and repair the related steam humidifier and protect the plaintiff's insured's property.

20. Defendant breached and/or violated its aforesaid contractual duties, as a result whereof defendant is liable to plaintiff, for all damages resulting from the aforesaid breaches and/or violations.

21. By the reason of the aforesaid breach of contract, the occurrence referred to in paragraph 12 took place resulting in severe and extensive damage to the insured's property and a

loss to the plaintiff in the amount in excess of ONE HUNDRED TWENTY-NINE THOUSAND NINETY-SIX DOLLARS AND FORTY-FOUR CENTS ($129,096.44).

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS -BREACH OF IMPLIED WARRANTY-

22. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 21 inclusive.

23. Defendant GODFREY'S impliedly warranted that the subject steam humidifier and related components would be of good quality, safe and fit for their ordinary purpose.

24. Defendant GODFREY'S breached the implied warranty referenced above by improperly installing the steam humidifier and its related components.

25. By the reason of the aforesaid breach of implied warranty, the occurrence referred to in paragraph 12 took place resulting in severe and extensive damage to the insured's property and a loss to the plaintiff in the amount in excess of ONE HUNDRED TWENTY-NINE THOUSAND NINETY-SIX DOLLARS AND FORTY-FOUR CENTS ($129,096.44).

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS -STRICT PRODUCTS LIABILITY-

26. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 25 inclusive.

27. The subject water leak referenced herein and the resulting damages sustained by plaintiff's insured were caused by a defect in, and malfunction of, the subject steam humidifier and its related components supplied and installed by defendant GODFREY'S.

28. By virtue of the placement by defendant GODFREY'S of the subject steam humidifier into the marketplace, defendant GODFREY'S is strictly liable for the damages caused by the subject water leak.

29. By the reason of the aforesaid conduct and actions of defendant GODFREY'S, the occurrence referred to in paragraph 12 took place resulting in severe and extensive damage to the insured's property and a loss to the plaintiff in the amount in excess of ONE HUNDRED TWENTY-NINE THOUSAND NINETY-SIX DOLLARS AND FORTY-FOUR CENTS ($129,096.44).

**WHEREFORE**, plaintiff demands judgment in their favor and against the defendant in the amount in excess of ONE HUNDRED TWENTY-NINE THOUSAND NINETY-SIX DOLLARS AND FORTY-FOUR CENTS ($129, 096.44) together with interest, costs and attorney's fees.

Dated: Melville, New York
April 22, 2008

Respectfully Submitted,

SHEPS LAW GROUP, P.C.

BY: _____
ROBERT C. SHEPS, ESQ.
35 Pinelawn Road – Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 6777

TO:

GODFREY'S REFRIGERATION
AIR CONDITIONING, INC.
563 East 49th Street
Brooklyn, New York 11203